** ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR RECENT INQUIRY TO THIS OFFICE CONCERNING THE APPLICATION OF 51 O.S. 6 (1990) (DUAL OFFICE HOLDING) TO THE FOLLOWING QUESTION.
IS THERE ANY CONSTITUTIONAL OR STATUTORY PROVISION THAT WOULD PROHIBIT AN OKLAHOMA HIGHWAY PATROLMAN FROM SERVING ON A LOCAL SCHOOL BOARD?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY A CLEAR READING OF THE CONTROLLING STATUTE, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NOT NECESSARY.
PERSONNEL OF THE HIGHWAY PATROL DIVISION OF THE OKLAHOMA DEPARTMENT OF PUBLIC SAFETY ARE APPOINTED BY THE COMMISSIONER PURSUANT TO 47 O.S. 2-105 (1990). SUBSECTION 47 O.S. 2-105(A) SPECIFICALLY PROVIDES:
 "NO MEMBER, OFFICER, MAJOR, CAPTAIN, FIRST LIEUTENANT, SECOND LIEUTENANT, OR PATROLMAN OF THE OKLAHOMA HIGHWAY PATROL DIVISION SHALL, WHILE IN SUCH POSITION, BE A CANDIDATE FOR ANY POLITICAL OFFICE OR TAKE PART IN OR CONTRIBUTE ANY MONEY OR OTHER THING OF VALUE, DIRECTLY OR INDIRECTLY, TO ANY POLITICAL CAMPAIGN OR TO ANY CANDIDATE FOR PUBLIC OFFICE. . . . THE COMMISSIONER OR ANY MEMBER OF THE DEPARTMENT SHALL NOT BE A CANDIDATE FOR ANY POLITICAL OFFICE, OR IN ANY WAY BE ACTIVE OR PARTICIPATE IN ANY POLITICAL CONTEST OF ANY PRIMARY, GENERAL, OR SPECIAL ELECTION, EXCEPT TO CAST A BALLOT."
THIS PROVISION WOULD CLEARLY PREVENT A TROOPER FROM RUNNING FOR THE SCHOOL BOARD.
TITLE 51 O.S. 6 (AS LAST AMENDED BY 9 OF SENATE BILL 111), COMMONLY REFERRED TO AS THE DUAL OFFICE HOLDING STATUTE, PROVIDES IN PERTINENT PART AS FOLLOWS:
 "EXCEPT AS MAY BE OTHERWISE PROVIDED, NO PERSON HOLDING AN OFFICE UNDER THE LAWS OF THE STATE . . . SHALL, DURING HIS TERM OF OFFICE, HOLD ANY OTHER OFFICE. . . ."
IT HAS CONSISTENTLY BEEN THE OPINION OF THE ATTORNEY GENERAL THAT A LAW ENFORCEMENT OFFICER IS A "PUBLIC OFFICER" WITHIN THE MEANING OF 51 O.S. 6 (1990). SEE A.G. OPIN. NOS. 90-032, 81-064 AND 77-180. FURTHERMORE, THE OKLAHOMA SUPREME COURT HAS HELD THAT A MEMBER OF A SCHOOL BOARD OF A LOCAL SCHOOL DISTRICT IS A PUBLIC OFFICER. GIBSON V. CROWDER, 165 P.2D 628 (OKLA. 1946); WIMBERLY V. DEACON, 144 P.2D 447 (OKLA. 1943). SEE ALSO, A.G. OPIN. 83-220 AND 81-064. THE LEGISLATURE RECENTLY ADDRESSED THE ISSUE OF LOCAL LAW ENFORCEMENT OFFICERS SERVING ON SCHOOL BOARDS BY AMENDING 6 TO PROVIDE AS FOLLOWS:
 THE PROVISIONS OF THIS SECTION SHALL NOT APPLY TO: "8. LAW ENFORCEMENT OFFICERS EMPLOYED BY MUNICIPAL OR COUNTY LAW ENFORCEMENT DEPARTMENTS OR AGENCIES . . . WHO ARE ELECTED TO LOCAL BOARDS OF EDUCATION(.)"
THIS PROVISION APPLIES SPECIFICALLY TO LOCAL OFFICERS SUCH AS MUNICIPAL POLICE OFFICERS. OKLAHOMA HIGHWAY PATROLMEN WOULD NOT BE INCLUDED WITHIN THIS EXCEPTION AND THEREFORE WOULD BE IN VIOLATION OF 51 O.S. 6 BY SERVING ON A LOCAL SCHOOL BOARD.
THE SPECIFIC RESTRICTION SET FORTH IN 47 O.S. 2-105 PROHIBITS AN OFFICER OF THE HIGHWAY PATROL FROM RUNNING FOR A POSITION ON THE SCHOOL BOARD, AND 51 O.S. 6, WOULD PREVENT THE HOLDING OF BOTH POSITIONS.
(THOMAS L. SPENCER)